THE PEOPLE'S BANK OF BLOOMINGTON

*v.*

ASAHEL GRIDLEY *et al.*

1. CORPORATION—*transfer of shares of stock as between the immediate parties, and as to third persons.* Where the board of directors of a corporation are expressly empowered by the charter to provide for the mode of transfer of shares of stock, and the board does by a by-law provide that such transfer shall only be made upon the books of the secretary on the presentation of the stock certificates properly indorsed, a transfer by indorsement and delivery only, will not be valid as against a creditor of the assignor who levies his execution upon such shares without notice of the transfer.

2. As between the vendor and vendee of shares of stock in a corporation whose charter or by-laws require transfers of stock upon the books of the corporation, a sale and transfer will be good without being entered upon the company's books, and will be enforced in equity, and the vendee required to pay subsequent assessments or indemnify the vendor against their payment.

3. The provisions of the statute making shares of stock in a private corporation subject to levy and sale on execution, contemplate that, as against a judgment creditor, the title to stock in such corporation can only pass by transfer on the books of the company.

APPEAL from the Appellate Court of the Third District; the Hon. CHAUNCEY L. HIGBEE, presiding Justice, and the Hon. OLIVER L. DAVIS, and Hon. LYMAN LACEY, Justices.

This was a bill in equity brought by the appellant against the appellees, to enjoin the sale of stock referred to in the opinion, and praying to have the stock transferred to the bank on the books of the railway company. The bank, after the levy upon the stock, applied to the officers of the railway company for a transfer of the stock, which was refused on account of the prior levy. The other material facts appear in the opinion.

Messrs. WILLIAMS, BURR & CAPEN, for the appellant:

1. Although the charter of an incorporated company provides that all transfers of its capital stock, to be valid, shall be made on the books of the company, this provision is one

between the company and its stockholders exclusively, and does not affect third parties. *Kellogg* v. *Stockwell et al.* 75 Ill. 68; *Broadway Bank* v. *McElrath*, 2 Beasley (N. J.), 24; *Bank of Utica* v. *Smalley*, 2 Cow. 770; *Gilbert* v. *Manchester Iron* *Manufac. Co.* 11 Wend. 628; *Commercial Bank of Buffalo* v. *Kortright*, 22 id. 348; *Kortright* v. *Commercial Bank of Buffalo*, 20 id. 91; *Black* v. *Zacharie*, 3 How. 483; *Bruce* v. *Smith*, 44 Ind. 1; *McNeil* v. *Tenth National Bank*, 46 N. Y. 325; *Liech* v. *Wells*, 48 Barb. 637; *Isham* v. *Buckingham*, 49 N. Y. 216; *Boatman's Ins. and Trust Co.* v. *Abel*, 48 Mo. 136; *Choteau Spring Co.* v. *Harris*, 20 Mo. 283; *People* v. *Elmore*, 35 Cal. 653; *Weaver* v. *Barden*, 49 N. Y. 286.

2. The authority in a charter to regulate the transfer of stock by by-laws, can not confer the power to prohibit all equitable transfers, nor to provide what shall be evidence of an equitable transfer. *United States* v. *Vaughan*, 3 Binney (Pa.), 402.

3. An incorporated company may provide as to what shall be evidence of a transfer of its stock between itself and its stockholders, but beyond this it can not go. Cases cited above.

4. Even where a charter provides that no transfer of stock shall be valid except on the books of the company, an assignment and delivery of the stock for a valuable consideration by a stockholder passes a good title in equity to the stock. See above cases.

5. An assignment of the equitable title before a levy or lien acquired by a creditor, gives a court of equity jurisdiction to enjoin a sale under a levy and to compel an assignment of the stock. *Broadway Bank* v. *McElrath*, 2 Beasley, 24.

6. A judgment creditor is not an innocent purchaser for value. *Bassett* v. *Nosworthy*, Leading Cases in Equity, with Hare & Wallace's note, vol. 2, p. 75, 79, where the authorities will be found collected.

7. If a judgment creditor have a right to sell the equity of redemption of mortgaged property, but claims the right to,

and attempts to sell the property discharged from the lien of the mortgage, his sale will be enjoined at the suit of the mortgagee. *Christee* v. *Hale*, 46 Ill. 117.

8. Where the charter or by-laws of a corporation provides that its stock is only transferable by assignment on the books of the corporation on the presentation of the certificate duly indorsed, and the corporation permits an assignment to be made on its books without presentation of the certificate so assigned, it is liable to the owner of the certificate by indorsement for the value of such stock. *Bank* v. *Lanier*, 11 Wall. 369.

9. Nothing but the interest of the defendant in execution can be sold by a levy on capital stock. Rev. Stat. 1874, p. 628, sec. 52.

Mr. W. S. Coy, and Messrs. Stevenson & Ewing, for the appellees, made the following points:

1. The stock in question is personal property. 3 Parsons' Contracts, 34; Walker's Am. Law, 233; Angell & Ames on Corp. 554; Proffatt on Corp. 70; *Arnold* v. *Ruggles*, 1 R. I. 165; *Bligh* v. *Brent*, 1 Y. & Coll. 268; *Tippetts* v. *Walker*, 4 Mass. 595.

2. The appellant did not take possession of the stock by the assignment of the certificates. *Fisher* v. *Essex Bank*, 5 Gray, 377; *Ex parte Wilcox*, 7 Cow. 411; *Colt* v. *Ives*, 31 Conn. 35; Proffatt on Corp. sec. 323; Angell on Private Corp. 70; Angell & Ames on Corp. sec. 557.

3. The stock was not mortgaged to appellant by appellees. Angell & Ames on Corp. sec. 580.

4. The lien on the stock, acquired by the assignment of the certificate, was void as to the execution of the appellees. Rev. Stat. 1874, p. 711. sec. 1.

5. The stock in question was subject to mortgage. *Colt* v. *Ives*, 31 Conn. 35; *Durkee* v. *Stringham*, 8 Wis. 124.

6. Where the charter of a corporation provides that the stock shall be transferable only on the books of the corpora-

tion, no transfer, except it be made on said books, will convey the title to the stock of said corporation, as against third persons. *Dutton* v. *Connecticut Bank,* 3 Conn. 498; *Skowhegan Bank* v. *Cutler,* 49 Maine, 317; *Sabin* v. *Bank of Woodstock,* 21 Vt. 360; *The People ex rel.* v. *Devin,* 17 Ill. 86; *Wilson* v. *Little,* 2 N. Y. 447; *Brown* v. *Kneeland,* 5 Bissell, 181; *Heath* v. *Erie Railroad Co.* 8 Blatchford, 347; *Fisher* v. *Essex Bank,* 6 Gray, 373; *Oxford Turnpike Co.* v. *Bunnell,* 6 Conn. 552; *Strout* v. *Natoma Co.* 9 Cal. 78; *Blanchard* v. *Dedham Gas Co.* 12 Gray, 213; *Agricultural Bank* v. *Burr,* 24 Maine, 263; *Williams* v. *Mechanics' Bank,* 5 Blatchford, 59; *Shipman* v. *Ætna Ins. Co.* 29 Conn. 251; *Bank* v. *N. Y. & N. H. R. R. Co.* 13 N. Y. 621; *N. Y. & N. H. R. R. Co.* v. *Schuyler,* 38 Barb. 440; 1 Redfield's American Railway Cases, 136; *Bowden* v. *F. & M. Bank of Baltimore,* 1 Hughes, 307; 1 Schouler on Personal Property, 635; 1 Redfield's Am. Railway Cases, 110; *Boyd* v. *Rockport Steam Cotton Mills,* 7 Gray, 406.

7. Where the charter of a corporation gives authority to the board of directors to select the mode of the transfer of stock, a by-law passed by said board has the same effect as if the by-law was a part of the charter. Proffatt on Corp. sec. 301; *Oxford Turnpike Co.* v. *Bunnell,* 6 Conn. 558; *Lockwood* v. *Mechanics' Bank,* 9 R. I. 308.

8. Where certificates of stock issued by a corporation show on their face the mode of transfer required by the corporation, such notice has the same effect as if the mode of transfer so stated was incorporated into the charter. *Townsend* v. *McIver,* 2 Richardson, 43; *Williams* v. *Mechanics' Bank,* 5 Blatch. 50.

9. If a person takes an assignment of certificates of stock, it is his duty to immediately cause the stock to be transferred to him on the books of the company, and if he does not do so, the assignment is void as to a creditor of the assignor, who levies an execution on the same as the property of the assignor.

*Pinkerton* v. *Lawrence and Manchester Railroad Co.* 42 N. H. 415; *Colt* v. *Ives,* 31 Conn. 35; *Boyd* v. *Rockport Steam Cotton Mills,* 7 Gray, 406.

10.  Where stock stands in the name of a person on the books of a corporation, a levy on the same and a sale thereof will convey a perfect title to the purchaser as against a person who has an assignment of the certificate but no transfer on the books. *Agricultural Bank* v. *Burr,* 24 Maine, 263; *Fisher* v. *Essex Bank,* 5 Gray, 373; *Blanchard* v. *Dedham Gas Co.* 12 id. 215; *Strout* v. *Natoma Co.* 9 Cal. 78; *Shipman* v. *Ætna Ins. Co.* 29 Conn. 253; *Cady* v. *Potter,* 55 Barbour, 467.

11.  An execution creditor stands, in regard to the property levied on, as a *bona fide* purchaser for value.  And a purchaser of stock, where the mode of transfer prescribed is, on the books of the company, will hold the same against an assignment which is not recorded on the books.  *Massy* v. *Walcott,* 40 Ill. 163; *N. Y. & N. H. R. R. Co.* v. *Schuyler,* 34 N. Y. 80; *N. Y. & N. H. R. R. Co.* v. *Ketchem,* 3 Keyes, 363; *N. Y. & N. H. R. R. Co.* v. *Schuyler,* 38 Barb. 534.

12.  When the legislature of the State enacts a statute of another State, it is presumed to adopt the construction which that statute has received by judicial decision in the courts of the State from which it is taken.  *Campbell* v. *Quinlan,* 3 Scam. 288; *Rigg et al.* v. *Welton et al.* 13 Ill. 15; *Tyler* v. *Tyler et al.* 19 id. 151.

13.  The statute of this State in regard to the levy and sale of capital stock on execution, is a substantial copy of the statute of New Hampshire, which has been construed to require a transfer on the books in order to protect the stock from sale on execution, even when the charter and by-laws were silent on that question, long before the statute in this State was passed.  Rev. Stat. 1874, 628; Comp. Stat. of N. H. 1868, pp. 470, 499 ; *Pinkerton* v. *Manchester and Lawrence Railroad Co.* 42 N. H. 445.

14. Under the statutes of Illinois capital stock in an incorporated company is personal property, and its transfer must be governed by the rules of law applicable to that kind of property. Rev. Stat. 1874, p. 287, sec. 7.

15. The assignment of the certificates of stock by Pennell to the People's Bank, was only a chattel mortgage of the stock. Herman on Chattel Mortgages, 40, 56; *Huntington* v. *Mather*, 2 Barbour, 528; Schouler on Personal Property, 536; *Wilson* v. *Little*, 2 Comstock, 443; *City Fire Ins. Co.* v. *Olmstead*, 33 Conn. 476; *Nevan* v. *Roupe*, 8 Clarke (Iowa), 207.

16. In order to make the assignment valid as against judgment creditors, it should have been acknowledged and recorded, or the property should have been delivered to the assignee. Rev. Stat. 1874, p. 711; *Gregg* v. *Sandford*, 24 Ill. 17; *Forrest* v. *Tinkham*, 29 id. 141; *Henderson* v. *Morgan*, 26 id. 431; *Duke* v. *Jones*, 6 Jones Law, 14; *Loffan* v. *Garnett*, 9 Dana, 389.

17. A symbolical delivery will not preserve the lien of the assignment. Herman on Chattel Mortgages, 199; *Frey* v. *Miller*, 45 Pa. St. 441; *Morse* v. *Powers*, 17 N. H. 286; *Bank* v. *Nelson*, 38 Geo. 391; *Beeman* v. *Lawler*, 37 Maine, 543; *Walcutt* v. *Keith*, 22 N. H. 196.

18. A certificate of stock is not a negotiable instrument. *Shaw* v. *Spencer*, 100 Mass. 382; *Sewall* v. *Water Power Co.* 4 Allen, 277; *Bank* v. *Railroad Co.* 3 Kernan, 599; *Life Ins. Society* v. *Pooley*, 3 De Gex & Jones, 294; *Rex* v. *Capper*, 5 Price, 217; *Arnold* v. *Ruggles*, 1 R. I. 165; *Allen* v. *Pegram*, 16 Iowa, 163; *Bank* v. *Tennessee*, 9 Yerger, 490.

19. The assignment of the stock was void, because it was not made on the books of the company. *Pittsburg Railroad Co.* v. *Clarke*, 29 Pa. St. 146; *City Fire Ins. Co.* v. *Olmstead*, 33 Conn. 476.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This case comes before us by appeal from the Appellate Court of the Third District.

The facts are: The fourth section of the charter of the Bloomington and Normal Horse Railway Company provides that the capital stock of that company "shall be divided into shares of $100 each, and shall be issued and transferred in such manner and upon such conditions as the board of directors may direct." And the sixth section provides, that "The said corporation, by its board of directors, shall have power to make, ordain and establish all such by-laws, rules and regulations as said directors shall deem needful and expedient to carry into effect the purposes of this act, and for the well ordering, regulation and management of the affairs, business and interests of said corporation: *Provided*, the same be not repugnant to this act, or to the laws or constitution of the State or the United States."

Under the authority of these provisions, on the 28th of March, 1867, the board of directors of that company adopted the following by-law: "The transfer of stock shall only be made upon the books of the secretary, on the presentation of the stock certificates properly indorsed."

In the summer of 1867, William A. Pennell became the owner of 100 shares of stock in that company, and ten certificates, each representing ten shares of stock of the par value of $1000, were issued to him. In the body of each certificate was this language: "Subject to the by-laws of said company— transferable only on the books of the company, on the surrender of this certificate."

On the 10th of November, 1873, Pennell and the Ruttan Heating and Ventilating Company being indebted to the appellant for $7400, borrowed money, Pennell assigned and delivered these certificates of stock to the appellant to secure that indebtedness, and also to procure subsequent advances to be

made.  The appellant has since held possession of the certifi-
cates, but no transfer of the stock of which they evidence
ownership has been made on the books of the company.  Of
the indebtedness existing when they were assigned and deliv-
ered, there remains due $2650; and there has also been ad-
vanced $1400 since, which remains due and unpaid.

On the 7th of May, 1877, in vacation of the McLean circuit
court, the appellees, Asahel and Edward B. Gridley, as
"A. Gridley & Son," recovered a judgment, by confession, by
against William A. Pennell and others for $1000, and costs
of suit.  On the same day execution was issued on the judg-
ment, and the sheriff of McLean county, by virtue thereof,
levied upon Pennell's shares of stock in the horse railway com-
pany, making his levy in conformity with the directions of the
statute relating to levies of that description.

The appellees, Asahel and Edward B. Gridley, and the horse
railway company had no actual notice that the certificates of
stock had been assigned and delivered to appellant until after
the levy of the execution.

The Appellate Court held that, the stock not having been
transferred on the books of the horse railway company before
the levy was made, the levy is entitled to priority over any
claim in behalf of appellant, and this ruling presents the only
question to be now determined.

Appellant insists that *Kellogg* v. *Stockwell et al.* 75 Ill. 68,
settles that the ruling below was erroneous.  That was a bill
in equity to protect the original owner of corporate stock from
assessments made by the corporation after he had sold his
stock, filed by such owner against his vendee.  There had
been no transfer of the stock upon the books of the corpora-
tion, and there was a clause in the charter providing that
shares of stock should be transferable only on the books of
the corporation.  It was said that this provision in the charter
was designed for the protection of the company, and, perhaps,
a purchaser without notice; but, it was held, as between the
vendor and vendee, a sale and transfer will be good without

being entered upon the company's books, and will be enforced in equity, and a decree requiring the vendee of the stock to pay or indemnify the vendor, on account of the assessments, was affirmed.

But there is no question, here, between vendor and vendee, or pledgor and pledgee. The question is between two parties having equally meritorious claims against the original owner of the stock, each claiming a prior lien over the other,—the one by virtue of the pledge, the other by virtue of the levy of the execution.

Our statute provides, (Rev. Stat. 1874, p. 628, chap. 77,):

"§ 52.  The shares or interest of a stockholder in any corporation may be taken on execution, and sold as hereinafter provided.

"§ 53.  If the property has not been attached in the same suit, the officer shall leave an attested copy of the execution with the clerk, treasurer or cashier of the company, if there is any such officer, otherwise with any officer or person having the custody of the books and papers of the corporation; and the property shall be considered as seized on execution when the copy is so left, and shall be sold in like manner as goods and chattels."  *   *   *

"§ 55.  The officer of the company who keeps a record or account of the shares or interest of the stockholders therein, shall, upon the exhibiting to him of the execution, be bound to give a certificate of the number of shares or amount of the interest held by the judgment debtor. If he refuses to do so, or if he willfully gives a false certificate thereof, he shall be liable for double the amount of all damages occasioned by such refusal or false certificate, to be recovered in any proper action, unless the judgment is satisfied by the original defendant.

"§ 56.  An attested copy of the execution and of the return thereon shall, within fifteen days after the sale, be left with the officer of the company whose duty it is to record transfers of shares; and the purchaser shall thereupon be entitled to a

certificate or certificates of the shares bought by him, upon paying the fees therefor and for recording the transfer." * * *

It is too obvious to justify extended comment, that these provisions contemplate that, as against a judgment creditor, title to the stock can only pass by transfer on the books of the company, for if it might be otherwise transferred, as, by indorsement and delivery of the certificates alone, these provisions could have no practical operation.

If the mere transfer of the certificate, under contract of sale, shall sufficiently pass title, of what worth can the certificate required by § 55 be?

How can a certificate of shares purchased on execution, as provided by § 56, be of any avail, if the original certificate be out and be transferable from hand to hand, by indorsement and delivery?

Unless the books of the company is the proper place to ascertain the title of the purchaser or assignee of stock, what possible end can be subserved by requiring a copy of the execution to be left with the clerk, treasurer or cashier of the company, etc., and with what sense could it be said this should be regarded as a seizure of the stock on execution, etc.?

What we regard as the correct doctrine is well stated by the late Judge Redfield in his note to *Fisher et al.* v. *President, Directors, etc., of the Essex Bank*, 1 Am. Railway cases, 127. He says: "It seems to be agreed, upon all hands, that in the case of a mere pledge of shares for the security of a debt, a formal delivery will be required to create or to consummate the contract, since it is of the very essence of a pledge that the possession be transferred to the pledgee; for as the general title of the thing still remains in the pledgor, unless the possession were transferred, there would be nothing to uphold the contract. Redfield on Bailm. §§ 659–674, and cases cited. This may be effected by a formal or even a blank indorsement or assignment of the certificate, and delivery of the same to the assignee. Nothing more is ordinarily required to complete the contract as between the immediate parties. But, as

to third parties, something more is commonly required. Some such visible or ascertainable index of the change of ownership as will naturally put those interested in the question upon inquiry, and thus lead them to correct information upon the subject, must exist. 1 Story Eq. Jur. § 421 b, and cases cited in note. Some of the American States have attempted to maintain a different rule, as, that the assignment, being complete between the parties, will be held good as to third parties whose rights are subsequently acquired and perfected by actual possession, without knowledge of the prior transfer. *Muir* v. *Schenck,* 3 Hill (N. Y.), 228, and cases cited by COWEN, J., in the opinion of the court. But this rule has never obtained in England, and only to a very limited extent in this country, and is repudiated by all the best authorities. 1 Story Eq. Jur. § 412 c, and cases cited. But we think there can be no fair question that where the law of the State, as applicable to corporations, whether it be by a provision in the charter of the particular company or by a general statute, or settled course of decisions in the courts, requires that shares shall be transferred in a particular mode, as, in the present case, that they shall be 'transferable only at its banking house and on its books,' there must be a substantial compliance with the requirement, in order to protect the property against future assignments or levies."

These views are sustained by *Fisher et al.* v. *President, etc., of the Essex Bank,* 5 Gray, 373; *Sabin* v. *Bank of Woodstock,* 21 Vt. 353; *Oxford Turnpike* v. *Bunnell,* 6 Conn. 558; *Pinkerton* v. *Manchester and Lawrence Railroad Co.* 42 N. H. 424; *Pittsburgh and Connellsville Railroad Co.* v. *Clarke,* 29 Penn. St. 146; *Dutton* v. *Connecticut Bank,* 13 Conn. 498; *Skowhegan Bank* v. *Cutter,* 49 Maine, 315; *Lockwood* v. *Mechanics' National Bank,* 9 R. I. 308; *Agricultural Bank* v. *Burr,* 24 Maine, 256; *Blanchard* v. *Dedham Gas Co.* 12 Gray, 213. And in *People ex rel.* v. *Devin et al.* 17 Ill. 86, this court, by implication, indorses the doctrine.

No point is made, nor is any tenable, that the resolution of

the board of directors, and not the express declaration of the charter, prohibits a transfer of stock otherwise than on the books of the company. The board of directors were expressly empowered, by the charter, to provide for the mode of transfer, and that was all that was necessary. *Lockwood* v. *Mechanics' National Bank, supra.*

The cases in New York and New Jersey, relied upon by counsel for appellant, recognizing a doctrine not in harmony with that above indorsed, do not commend themselves to our approval.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*