## Austin J. Alderton v. Romaine M. Conger et al.

1. Usury—*The Defense of, Must Be Stated in the Pleading.*—The statute (Starr & C., Ch. 74, Sec. 7) requires that the defense of usury be claimed in the pleadings.

2. Stock—*Pledges by Delivery—Subsequent Levies.*—A pledge of stock by delivery of the same, with notice to the corporation, passes the title to the pledgee as against an execution subsequently levied upon it.

3. Set-Off—*Stock in a Homestead Loan Association.*—A defendant in a foreclosure suit can not set off the value of stock in a homestead loan association, purchased by him of the mortgagee, when the transaction by which he acquired such stock has no connection whatever with the notes secured by the trust deed, and is consequently not a subject of set-off, unless there is some equitable circumstance which would make it so.

**Bill to Foreclose Trust Deed—Cross-bill, etc.**—Trial in the Superior Court of Cook County; the Hon. Henry V. Freeman, Judge, presiding. Decree for complainants. Appeal by defendant. Heard in this court at the March term, 1898. Affirmed, except as to costs, etc. Opinion filed October 17, 1898.

### Statement of the Case.

Richard Fenimore, claiming to be the legal holder and owner of three notes made by appellant—two for the sum of $180 each, and one for the sum of $140, payable to the order of Romaine M. Conger, dated October 1, 1894, bear-

ing interest at six per cent per annum from date, and seven per cent per annum after maturity, becoming due in one, two and three years after date, respectively, and given for the purchase money of certain real estate—together with Earle G. Conger, trustee, filed a bill in the Superior Court of Cook County to foreclose a trust deed on said real estate securing said notes. The bill proceeds under a provision in the trust deed, providing that the whole of the notes might be declared due on default in payment of either of them or interest, and in case of foreclosure there should be included in the decree $100 solicitor's fees, and alleged default in the payment of the note and interest due October 1, 1895.

Appellant answered the bill, admitting the execution of the notes and trust deed, but denied that Richard Fenimore was the legal owner and holder of the same, and averred that they were held and owned by Romaine M. Conger, and that the alleged transfer thereof to Fenimore was colorable only; denied that there was anything due on the notes and that there had been any default in payment thereof.

Appellant also filed a cross-bill, alleging that on February 1, 1894, he purchased of said Romaine a certificate of stock of the Eastern Building & Loan Association, a New York corporation, of ten shares of the par value of $100 each, and paid therefor, to said Romaine, the sum of $253.39; that the certificate was originally issued by the Association to W. A. Garrett, who assigned it to said Romaine, which assignment was duly entered on the books of the association, and afterward the certificate was assigned to appellant by said Romaine, though the assignment was not entered upon the books of the association as required by its by-laws; that appellant was ignorant of the manner of transferring stock certificates, and ignorant of the by-laws and regulations of the association, except as stated to him by said Romaine; that Romaine, at the time appellant purchased the certificate, stated to him that the certificate was legally transferred to appellant by the assignment in writing on the back of the certificate, and that all necessary requisities had been complied with to vest appellant with a complete and

Alderton v. Conger.

valid title thereto; that appellant had confidence in and believed the said statements of Romaine; that at the time of the transfer to appellant, the by-laws of the association provided, viz.: "That no shares shall be assignable or transferable on the books of the association, except by the shareholder paying a transfer fee of $2 for entering the same, and upon consent of the association indorsed thereon by the secretary, after all dues and claims on the same had been paid;" that Romaine was the local agent and representative of the association; that appellant paid to him as such representative $7.50 monthly dues on each share of said stock, as required by the by-laws of the association, from the time of said purchase up to and including the month of June, 1894, but that Romaine fraudulently neglected to make remittances thereof to the association, and fraudulently concealed appellant's interest and ownership in the stock, and, conspiring to defraud appellant, made payments of the monthly dues to the association upon said stock in his own name, and the payments thereof were credited to Romaine personally upon the books of the association; that when appellant ascertained that the transfer of the stock did not comply with the rules and by-laws of the association, he requested Romaine to have such transfer duly recorded on the books of the association, which he promised to do, but he was immediately thereafter discharged by the association, and at the time of such discharge was largely indebted to the association for moneys and collections wrongfully appropriated by him; that the association refused to transfer the stock to appellant; that the stock was levied upon as the property of Romaine in an attachment begun against him by one Seager, and final judgment entered in such attachment suit; that the cash value of the stock was then $320.50, which sum was applied on Romaine's indebtedness to the association, or paid to said Seager for Romaine's use and benefit; that Romaine is the legal owner and holder of said notes and trust deed, and not the said Fenimore, and that Romaine is insolvent and has no property subject to execution.

The cross-bill prays that appellant be credited on the notes the value of the stock, and offers to pay the balance due thereon into court; for the surrender and cancellation of the notes and trust deed, and for general relief.

Romaine M. Conger answered the cross-bill, averring that Fenimore was the legal owner and holder of the notes and trust deed, and that he purchased the same before maturity for value, and admitting the purchase of the stock and its value as alleged; denying that appellant was ignorant of the method of making transfers of stock or the by-laws of the association; admitting payment of dues to him by appellant, and his agency for association, but denying the other allegations of the cross-bill. After answers of other defendants to cross-bill and issues made, the cause was referred to a master, who, after taking evidence, reported, among other things, that the notes and trust deed were made and appellant made default in the payment of the note due October 1, 1895, as alleged, except that the notes as originally drawn bore interest at eight per cent per annum after maturity, and after their delivery were changed, without the knowledge or consent of appellant, so that the interest after maturity was seven per cent, but that these changes were not made with fraudulent intent; that Fenimore was not and never was the legal owner and holder of the notes and trust deed, and that their assignment and indorsement to him was a mere pretense on the part of Romaine M. Conger, and that Fenimore has no interest in the suit; that the facts were substantially as alleged in the cross-bill in regard to the sale, purchase and assignment of the stock, the representations of Romaine M. Conger to appellant with regard to its transfer and appellant's reliance thereon, but that the stock was never presented to the association for transfer upon its books to appellant, and that appellant, before August 17, 1894, never requested Romaine to have the transfer made; that the facts with regard to the payments of dues on the stock and Romaine's failure to notify the association of appellant's ownership of the stock, are substantially as alleged in the cross-bill; that in the latter part of July, 1894,

Romaine was indebted to the association in the sum of $1,000, or thereabouts, but that the exact status of accounts between Romaine and the association remains a matter of uncertainty; that said stock was levied upon and seized as the property of Romaine M. Conger by writ of attachment, to satisfy a claim against said Conger, but that it does not appear that the stock had been sold to satisfy the judgment; that appellant has at various times offered to pay said notes, upon an allowance to him by Conger of the value of said stock, and has also tendered Conger and Fenimore the sum of $220; that the value of the stock was $313, and that its assignment to appellant was complete and transferred to him the equitable title thereof; that this title was not affected by the subsequent claims of the association, or levy of the attachment writ, and appellant was not entitled to any relief under his cross-bill; that Romaine M. Conger could maintain a bill to foreclose the trust deed upon the original consideration of the notes (which were void by reason of the changes therein), and interest at five per cent per annum; that the amount due Romaine M. Conger for principal, interest and taxes is $566.79, and that $100 was a reasonable solicitor's fee, and was provided by the trust deed. The master recommended that upon proper amendments being made, a decree of foreclosure of the trust deed be granted in favor of Romaine M. Conger.

After the master's report was filed and objections and exceptions thereto taken, the complainants dismissed the cause as to Fenimore, and by leave of court, and in accordance with the recommendations of the master, filed an amended bill, and also a supplemental bill in the names of Romaine M. Conger and Earle G. Conger as complainants.

Issues were made on the pleadings as amended, and the cause again referred to the master to take evidence and report his findings and conclusions, but without any further hearing before the master this order of reference was set aside and the supplemental bill dismissed on motion of complainants.

No new issues were made by the amended bill, except it

was alleged by it that Romaine M. Conger is the legal owner and holder of said trust deed and that it secured the balance due said Romaine of $500 for purchase money of the real estate therein described, divided in amounts and payable at the times as described in the notes, with interest.

The chancellor thereafter entered a decree which recites that the cause came on to be heard upon the pleadings as hereinabove stated, the proofs, oral, documentary and written, taken and filed, the master's report and exceptions thereto, confirmed the master's report in all respects, and ordered that the trust deed be foreclosed for the sum of $577.75, with $100 solicitor's fees and costs of the proceeding.

ELA, GROVER & GRAVES, attorneys for appellant.

J. L. BENNETT, attorney for appellees.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

To reverse the decree in this case appellant has appealed, and claims, first, that it was error to allow any interest to complainants; second, that no title passed to him by the assignment of the stock, it not being transferred upon the books of the association; third, that he was entitled to have the value of the stock set off against the amount claimed by complainants; fourth, that the levy of the attachment writ and execution against Conger gave the creditor a prior lien; fifth, that Conger could not recover costs, interest or solicitor's fees because of appellant's tender to him of the difference between the value of the stock and the amount of all the notes; and sixth, that the court erred in allowing complainants to amend their bill and substitute one new complainant.

The first contention is not tenable. The statute (Starr & C., Ch. 74, Sec. 7) requires that the defense of usury be claimed in the pleadings, which was not done. See also Goodwin v. Bishop, 145 Ill. 421.

Alderton v. Conger.

The second, third and fourth contentions of appellant are not, in our opinion, tenable, for the reason that the sale of the stock to appellant by Romaine M. Conger appears to have been in good faith, for a valuable consideration; the stock actually delivered to appellant and assigned to him by Conger, in writing indorsed on the back of the certificate, long before any claims of the association or an attaching creditor intervened. It fails to appear that there was due to the association any amount from Romaine M. Conger at the time he sold and assigned the stock to appellant, and as to the attaching creditor, the statute (Hurd's, Ch. 77, Sec. 52) provides that under the circumstances shown in this case the stock was not liable to be taken on execution against Conger. In the recent case of Rice v. Gilbert, 173 Ill. 348, in which certain stock was pledged to secure the payment of a note, the Supreme Court said, in construing this statute (which is an amendment to a previous statute, under which it had been held the judgment creditor would be preferred), "There is but one rational conclusion as to the meaning and purpose of that amendment, and that is, that it was to give more commercial freedom to transfers of stock for purposes of collateral security than existed before, and therefore the foundation for the holding in People's Bank v. Gridley, 91 Ill. 457, no longer exists;" and held that a pledge of stock by mere delivery of the same, with notice to the corporation, passed the title to the pledgee as against an execution subsequently levied upon it. Moreover, if the title did not pass to appellant, still he could not set off the value of the stock in this case, because the stock transaction has no connection whatever with the notes or trust deed, and is therefore not a subject of set-off, unless there is some equitable circumstance which would make it proper. The only equitable circumstance alleged is that Romaine M. Conger is insolvent, but this allegation is not sustained by the evidence. Quick v. Lemon, 105 Ill. 585, and cases cited; Clause v. Bullock P. P. Co., 118 Ill. 617.

It follows from the foregoing that appellant's offer to pay the notes, less the value of the stock, and his tender of

$220, could not avail him on the matter of costs, interest or attorney's fees.

The statute (Hurd's, Ch. 7, Sec. 1) in regard to amendments gave the court full power to allow the amendment of the bill dismissing as to one complainant, Fenimore, and substituting in his stead Romaine M. Conger. The amendment was a matter in the discretion of the court. From an examination of the only case cited by appellant under this point—Fairbanks v. Farwell, 141 Ill. 354—we are of opinion it does not sustain appellant's contention.

We are of opinion, however, that as the original complainant, Fenimore, wholly failed to make a case, and as he voluntarily dismissed his bill after the hearing before the master, who held that he had no equity as against appellant, it would be unjust to tax all the costs against appellant. No costs appear to have been incurred after the hearing before the master.

The decree will be affirmed, except as to the costs, as to which it will be reversed, with a direction to the Superior Court to charge complainants in the amended bill with the master's fees.