GEORGE  W. CARTER
v.
BENJAMIN  C. BRADLEY.

PARTNERSHIP—*adjustment of accounts thereof, necessary to a determination of the rights of the parties in the property of the firm.*  In a suit brought by B against C, to compel the conveyance of a certain tract of land, it appeared, that the parties had entered into a copartnership to carry on farming operations on the land in question, and an adjoining tract, out of which, disputes had arisen, and claims of large amount originated, which had not been adjusted; and the court below, without adjusting these partnership matters and accounts, decreed a conveyance of the land to B: *Held*, that this was error; that all the equities of the parties must be investigated, and an adjustment of the partnership transaction had, before the right of B to the land can be definitely determined.

WRIT OF ERROR to the Circuit Court of Champaign county; the Hon. O. L. DAVIS, Judge, presiding.

Mr. C. B. SMITH, for the plaintiff in error.

Mr. J. S. JONES and Mr. E. L. SWEET, for the defendant in error.

Per CURIAM: The bill in this cause was filed by appellee against appellant, to compel appellant to execute to appellee a deed for a certain quarter section of land therein described.

It appears the parties had entered into copartnership to carry on farming operations on that tract, and another near by or adjoining, out of which disputes arose, and claims originated which have never been adjusted, and which by the proofs in the cause are of very large amount.

The court, without adjusting the accounts between the parties, decreed that appellant should, by a good and sufficient deed, release all his interest in the land on being refunded by appellee the money appellant paid for the land, and another small amount paid by appellant towards the erection of a house on the land.

This was error.   There were other grave matters to be considered by the court and adjusted, besides the purchase price of the land.   All the equities of the parties should have been investigated, and a decree pronounced in favor of the party having the strongest equity, to be ascertained from all the transactions between them.   The right of appellee to this land could not well be determined, until the partnership accounts and matters had been adjusted.   Justice requires such an adjustment before equities can be definitely determined.

The decree must be reversed and the cause remanded for further proceedings.

*Decree reversed.*