JAMES R. HINES v. JOHN DEAN.

(No. 362, Tex. L. J., vol. 1, p. 303.)

APPEAL from Galveston County. Opinion by ECTOR, P. J.

§ 690. *Partnership debt; right of one partner to sue, as survivor, to recover upon, for his individual benefit.* Where a note is given to a firm of three partners, and one of them dies, and the second is insolvent and ceases to pay any attention to the affairs of the firm, and with-

draws from all connection with it, and the third partner is solvent and gives his active attention to the business of the firm, without any assignment or transfer from the second partner, the solvent partner does not become entitled to sue on the note in his own name and style himself surviving partner of the firm. It is a well settled general rule that all the partners must join in an action upon a contract made with the firm or to recover a debt due the firm (a dormant partner not privy to the contract need not be joined). Sandford was also a partner and payee of the note, and Hines was not required to litigate with Dean the question of his being the only solvent member of the firm, and one who, having paid the debts, thereby equitably acquired title to the assets. Defendant cannot know the equities between Dean and Sandford, or between Dean, Sandford and the executor of Randle, the deceased partner.

§ **691.** *An adjustment is necessary to ascertain the individual interest of a partner.* An adjustment of the accounts of a partnership is necessary to a determination of the rights of the partners in the property of the firm. The interest of a partner consists in his proportion of whatever balance may ultimately be left after payment of the partnership debts and settlement of account between the partners, and neither partner has any exclusive right to any part of the joint effects for any sum due him until a balance of account be struck. [Parsons on Partnerships, 329, 331; Speake v. Prewitt, 6 Tex. 252; Carter v. Bradley, 58 Ill. 101.]

§ **692.** *Right of the maker who has executed a note to a partnership.* It is the right of a maker of a note to joint partners to have all the partners bound by the judgment; and if one or two surviving partners refuse to join in the action to recover a debt due the firm, he might be made a party defendant, and be thus concluded by the judgment.

§ **693.** *Statute of limitations; new suit.* Where the plaintiff, by amendment, sets forth the same cause of

action more correctly or specifically than in his original petition, it is not a new suit, and the statute of limitations will not avail for the period between the orignal and amended petition.

March 23, 1878.      .      Reversed and remanded.