## Home State Bank of Lexington et al., Defendants in Error, v. James W. Vandolah et al., Plaintiffs in Error.

1. PARTNERSHIP, § 80*—*interest of partner in firm property.* The interest of partners in partnership property is not that of tenants in common, nor of joint tenancy, but is *sui generis* and peculiar to itself. Each partner has a joint interest in the whole, but not a separate interest in any particular part of the property.

2 PARTNERSHIP, § 86*—*right of partner to transfer his interest.* A partner cannot transfer an undivided interest in any specific articles belonging to the firm; he may assign its interest in a partnership to a third person, but such person does not thereby become a partner in the firm without the consent of the other partners.

3. PARTNERSHIP, § 201*—*effect of assignment of partner's interest.* An assignment by a partner of his interest in the firm to a third person, either by voluntary act or legal process; simply entitles such person to receive such partner's share of what may remain after a settlement of the partnership affairs and the payment of all debts. He takes nothing but a chose in action and the right to an accounting and simply becomes subrogated to the rights of the partner in the winding up and settlement of the partnership estate.

4. BANKS AND BANKING, § 68*—*powers of State bank.* Laws of this State do not permit State banks to buy interests in partnership firms and become partners thereof, nor to indulge in the commercial business of an electric light company.

5. PLEDGES, § 28*—*when pledge of partner's interest in firm gives lien prior to rights of judgment creditors.* Where a partner prior to the entry of judgments against him executed to a bank for a valuable consideration a bill of sale of his interest in the firm as collateral security for an indebtedness, the bank has a lien on such partner's interest paramount to the rights of the judgment creditors, whether they had notice of such pledge or not.

6. PARTNERSHIP, § 425*—*when improper finding in decree harmless.* Where a decree on a bill filed to settle and wind up a partnership contained a finding that a creditor of one of the partners was entitled to the whole of such partner's distributive share on the theory that there had been an absolute sale of his interest to the creditor, *held* such finding was harmless where the value of the partner's distributive share was insufficient to pay the creditor.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

Error to the Circuit Court of McLean county; the Hon. Colostin D. Myers, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed May 5, 1914.

Shelton L. Smith and Welty, Sterling & Whitmore, for plaintiffs in error.

Barry & Morrissey, for defendants in error.

Mr. Justice Eldredge delivered the opinion of the court.

This cause is based upon a bill in equity filed by defendants in error to settle and wind up a partnership, doing business under the firm name of Lexington Electric Light Company. The bill, in substance, avers that for some time prior to February 16, 1910, the partners in said firm were Charles P. Scrogin, Ella E. Vandolah and Emily S. Vandolah; that James W. Vandolah, husband of Ella E. Vandolah, was indebted to said Bank for more than five thousand dollars, and complainants were demanding payment or security for same, and thereupon said Ella E. Vandolah executed a bill of sale of her interest in said firm as security for said notes; that said Charles P. Scrogin on and prior to said date was also indebteded to said Bank for more than five thousand dollars; that complainants were demanding payment or security for the same, and that thereupon said Charles P. Scrogin delivered to said Bank a note of Daisy F. Scrogin for five thousand dollars, together with a bill of sale for his interest in said Company in satisfaction of said indebtedness; that after the execution and delivery of said bills of sale complainants informed Emily S. Vandolah that they held such bills of sale and agreed with her that the business of the firm might be continued until further arrangements; that prior to the execution and delivery of said bills of sale the business of said firm was in charge of

James W. Vandolah as manager, that when said bills of sale were executed and delivered, complainants and said Emily S. Vandolah agreed to retain James W. Vandolah as manager; and he then agreed to act in such capacity and to furnish them monthly statements, etc.; that on August 3, 1910, Emily S. Vandolah died, leaving a last will and testament which was duly admitted to probate, and B. A. Franklin was appointed and qualified as administrator with the will annexed and is acting as such; that since the death of said Emily S. Vandolah said James W. Vandolah has continued to manage said business and that no steps have been taken to settle said partnership; that on December 22, 1910, the sheriff made a levy of certain executions then in his hands in favor of certain judgment creditors of Charles P. Scrogin upon a supposed undivided interest of said Charles P. Scrogin in the property of said Company, and now claims said executions are a lien upon the former interest of said Charles P. Scrogin in said firm, and claims to have taken possession of all the property of said firm and is about to sell the same; that said execution creditors were fully advised before the executions were delivered to the sheriff of complainant's rights under said bill of sale; that said Ella E. Vandolah is claiming that said bill of sale executed by her is of no force and effect; that the rights of complainants under said bill of sale from Charles P. Scrogin took precedence over said executions; that by reason of the death of Emily S. Vandolah the firm was dissolved by operation of law, wherefore complainants are entitled to the winding up of the business of said Lexington Electric Light Company and to have its assets turned into cash and distributed among the parties entitled thereto.

All the persons interested were made parties defendant except said Charles P. Scrogin. A temporary injunction was issued restraining the sheriff

from making any sale of said property. All the defendants joined in the same answer. The answer admits the partnership as alleged and that James W. Vandolah was indebted to the Bank in the sum of five thousand dollars on said date; but states said indebtedness has since been paid; avers that said bill of sale executed by said Ella E. Vandolah was made in consideration that said indebtedness of said James W. Vandolah would be turned over to her and the notes representing the same delivered to her, and said Bank did not turn over or deliver up said notes to her and refused to do so; denies that Charles P. Scrogin gave to said Bank a note of Daisy F. Scrogin for the sum of five thousand dollars together with said bill of sale, in satisfaction of his indebtedness to said Bank; denies that complainants informed Emily S. Vandolah that they held such bills of sale and that they agreed with her that the business might be continued until further arrangements were made; denies that said Emily S. Vandolah agreed with complainants to retain James W. Vandolah as manager of said business; denies that said judgment creditors had knowledge of complainants' rights under the aforesaid bill of sale; denies complainants took possession of said interest of said Charles P. Scrogin in said Electric Light Company; admits said Ella E. Vandolah is claiming that said bill of sale executed by her is without force.

The cause was referred to a special master, who found that by virtue of the bill of sale from Charles P. Scrogin to the Bank the latter obtained a prior lien over the judgment creditors on the interest of said Scrogin in said partnership business. He also found that James W. Vandola·, husband of Ella E. Vandolah, owed the Bank on ·ebruary 16, 1910, five thousand dollars, evidenced ⁄ a promissory note; that an arrangement was en·red into between said

Bank and said Ella E. Vandolah, through said James W. Vandolah as her agent, under which said Bank agreed to deliver said note to said Ella E. Vandolah in satisfaction of her turning over to it by said bill of sale her interest in said partnership; that she executed such bill of sale and delivered it to the Bank, but that the Bank never delivered to her the note in question, and therefore the consideration in the bill of sale of Ella E. Vandolah wholly failed. These findings were approved by the chancellor, and a decree entered appointing a receiver and ordering the property of the partnership to be sold, and after the payment of the debts should be divided equally between the said Bank of Lexington, B. A. Franklin, administrator of the estate of Emily S. Vandolah, and Ella E. Vandolah, and that the injunction prayed for against James Reeder, sheriff, should be made perpetual. The property sold for eight thousand dollars. Plaintiffs in error assign error to that part of the decree finding that the Bank took the interest of Charles P. Scrogin in the partnership business and in making the injunction perpetual against the sheriff and the judgment creditors. Defendants in error assign cross-errors to that part of the decree finding that there was no consideration for the bill of sale executed by Ella E. Vandolah and that the Bank did not acquire her interest in said partnership firm by virtue thereof.

It is the contention of plaintiffs in error that the bill of sale by Charles P. Scrogin attempted to convey the personal property without reducing the same to possession, and of which the judgment creditors had no notice and was therefore void as to them, and it appears to be the contention of defendants in error that said bill of sale conveyed an absolute one-third interest *in rem* in said partnership property. Neither of these contentions is correct. The principles of law involved in this controversy are so well established

that an extended discussion of the same is unnecessary. Neither of these bills of sale are made to the Bank as grantee, they are each made to "A. J. Scrogin, President of Home State Bank." The words "President of Home State Bank" are simply *descriptio personal* but as the answers admit that said bills of sale were in fact made to said Bank and as on the hearing in the court below and in this court the parties have proceeded on that theory, this court will adopt that construction which the parties themselves have assumed.

The interest that partners have in a partnership property is not that of tenants in common, nor of joint tenancy, but is *sui generis* and peculiar to itself. Each partner has a joint interest in the whole, but not a separate interest in any particular part of the property. A partner cannot transfer an undivided interest in any specific article belonging to the firm. A partner may assign his interest in a partnership to a third person, but such person does not thereby, without the consent of the other partners, become a partner in the firm. Such a transfer of a partner's interest, either by voluntary act or legal process, simply entitles such person to receive such partner's share of what may remain after a settlement of the partnership affairs and the payment of all partnership debts. He takes nothing but a chose in action and the right to an accounting. He simply becomes subrogated to the rights of said partner in the winding up and settlement of the partnership estate. *Morrison v. Austin State Bank,* 213 Ill. 472; *Sindelare v. Walker,* 137 Ill. 43; *Trowbridge v. Cross,* 117 Ill. 109; *Tafe v. Schwamb,* 80 Ill. 289; *Carter v. Bradley,* 58 Ill. 101. The possession of partnership property by one partner is the possession for all. *Brown v. Graham,* 24 Ill. 628. A bill of sale of a partner's interest in a partnership being but a chose in action, possession of the property is presumed to have been delivered

by the delivery of said bill of sale. *Rice v. Gilbert,* 173 Ill. 348. Under both the law and the facts in this case the bill of sale of said Scrogin was merely an assignment of his interest as a partner in said partnership to the Bank as collateral security for the payment of his notes and was a pledge of his interest in the partnership for that purpose, and while in this particular case the ultimate result, so far as the beneficial interests of the parties to this controversy are concerned, might not be effected by holding this transaction to be a pledge as collateral security rather than an actual sale of his interest in the partnership property, yet such was its end and effect. This bill of sale was taken by the Bank and placed with the notes evidencing the indebtedness. These evidences of indebtedness were not delivered or surrendered to the grantor, but were retained and have been retained by the Bank, and the bill makes no offer to surrender and cancel them. Moreover, the laws of this State did not permit State banks to buy interests in partnership firms and become partners thereof, nor to indulge in the commercial business of an electric light company.

But this bill of sale being a pledge of said Scrogin's interest in said partnership firm as collateral security for his indebtedness, and having been executed for a valuable consideration and prior to the entry of the judgments in question, the Bank obtained a lien on said partnership interest paramount to the rights of the other creditors, whether they had notice of such pledge or not. *Cooper v. Ray,* 47 Ill. 53; 22 A. & E. Encyc. Law, 867. If the value of the partnership property had been more than sufficient to have satisfied Scrogin's indebtedness out of his share, then the balance would have been subject to the claims of his other creditors and the decree would have been erroneous, as it finds that the Bank was entitled to the whole of Scrogin's distributive share on the the-

ory that there was an absolute sale of his interest to the Bank, but as the partnership property sold for only eight thousand dollars, it is manifest that one-third of this would not satisfy his indebtedness to the Bank. Therefore no harm is done to the judgment creditors by the decree in this respect. .

As to the bill of sale executed by Ella E. Vandolah to the Bank, the special master found, and the court approved his finding, that the consideration therefor failed and the Bank took no interest in the partnership property by virtue thereof. There was evidence tending to support this finding, and as it is not manifestly against the weight of the evidence, we are not disposed to disturb it.

The decree of the Circuit Court, therefore, is substantially correct and will be affirmed.

*Affirmed.*