## Louis Fink, Appellee, v. Walter W. Schleuter, Appellant.

1. SIGNATURES, § 1*—*when signature to assignment of stock is sufficient.* Where the purpose of the parties to an assignment of shares of stock in making the assignment is to vest title in the assignee, the signing may be in the caption, in the body or at the end of the instrument.

2. CORPORATIONS, § 154*—*what are rights of creditors as against stock standing on books in name of stranger.* Where certain shares of stock in a corporation were taken out by a party in the name of his son, were retained and assessments thereon paid by such party and were never delivered to the son, *held* that the creditors of the son would have no right to subject such shares to the payment of the son's debts, even though the shares stood in his name on the books of the corporation.

3. EXECUTION, § 127*—*what evidence properly excluded on trial of right of property in shares of stock.* On trial of right of property in certain shares of stock in a corporation levied upon under a judgment against the party in whose name such shares stood on the books of the corporation, but which had been paid for and retained by another party and never delivered to such party in whose name they stood on the books, objection to the admission in evidence of declarations by such party to the judgment debtor at the time of incurring the indebtedness and to others that he was the owner of such shares, *held* properly sustained.

4. EXECUTION, § 121*—*when direction of verdict on trial of right of property proper.* On trial of the right of property in certain shares of stock in a corporation levied upon under a judgment against the party in whose name such shares stood on the books of the corporation, but which had been paid for and retained by another party and never delivered to such party in whose name they stood,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

and who had no interest therein, *held* that the court would be bound to consider what the whole evidence tended to prove, and the court did not err in directing a verdict for such other party, notwithstanding the fact such shares stood in the name of the judgment debtor by itself made a prima facie case that he was the owner thereof.

Appeal from the County Court of Madison county; the Hon. HENRY B. EATON, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 13, 1917.

GEERS & GEERS, for appellant.

WARNOCK, WILLIAMSON & BURROUGHS, for appellee.

MR. PRESIDING JUSTICE McBRIDE delivered the opinion of the court.

Appellant obtained a judgment against one Anton S. Fink and caused an execution to be issued and levied upon six shares of the capital stock of the Home Building and Loan Association of Edwardsville. The appellee claimed to be the owner of the stock levied upon, gave notice of such claim which resulted in a trial of the rights of property, and upon the final hearing in the County Court judgment was rendered in favor of the appellee, to reverse which this appeal is prosecuted.

It appears from the undisputed testimony in this case that on the 6th day of July, 1908, the appellee, who was the father of Anton S. Fink, procured from the Home Building and Loan Association of Edwardsville, Illinois, six shares of its capital stock which were issued in the name of Anton S. Fink, who was then a minor and did not arrive at his majority until about 1912 or 1913. The certificate of stock so issued was taken possession of by the appellee and retained by him and kept in his safe at his place of business from that time until the time of the trial below. The appellee purchased the stock, as he says, with a view

of giving it to his son, Anton S. Fink, at a time when he should need it. The appellee paid all of the assessments upon the stock and denies that he ever gave or delivered the stock to his son. Prior to his son arriving at his majority, the appellee sent him to school at Valparaiso, Indiana, for two years and upon the son's return from school and attaining his majority the father told him that he could not afford to give him the stock and asked the boy to assign the stock to him, which the boy did on October 16, 1913, and gives as a reason for having the stock assigned to him was to vest in him the legal title. There was a blank assignment printed upon the back of this certificate, and the boy instead of signing his name at the bottom of the assignment signed it at the top, and when he returned it to his father signed in that way the father asked him to fill up the blanks in the printed assignment, which he did, inserting the pronoun "I" and the name of appellee as assignee in the assignment. It further appears from the evidence that on July 13, 1914, Anton S. Fink became indebted to appellant and that judgment was taken against Anton S. Fink at the October term, 1915, of the Madison county Circuit Court for $376.25; execution was issued and levied upon the six shares of capital stock in question. It further appears from the evidence that at the time the levy was made the stock appeared upon the books of the Building Association in the name of Anton S. Fink, but it also appears that at the time of the transfer to appellee that appellee took the stock to the secretary and requested that it be transferred to his name, but the secretary advised him that was not necessary and it was not done. There was no testimony introduced in evidence by appellant and the court directed a verdict for the appellee.

It is insisted by counsel for appellant that there was no legal assignment made of this stock by the son

to the father and, if there was, it was not made in good faith. It is true that it appears from the evidence that the son wrote his name above the printed assignment, but it also appears that it was the son's signature and that the son in his own handwriting filled out the blanks, causing the assignment upon the blank to read: "For value received, I hereby sell, transfer and assign to Louis Fink the shares of stock within mentioned, and authorize the secretary of the within-named association to make the necessary transfers on the books of the association. Witness my hand and seal this 16th day of October, A. D. 1913."

The evidence shows that the purpose of Anton S. Fink and appellee in the making of the assignment was to vest the legal title in the appellee, and where such is the purpose of the parties the signing may be in the caption, in the body or at the end of the instrument. *McConnell v. Brillhart,* 17 Ill. 354. We think this assignment sufficient even if an assignment were necessary. It appears, however, from the evidence that the stock was taken out by the father, retained by him, assessments paid by him and that he never delivered the stock to his son, and whatever may have been his intention in the future he had not executed that intention by delivering the stock to his son, and under such circumstances the creditors of the son would have no right to subject such stock to the payment of the son's debts, even though the stock stood in his name on the books of the corporation. *Rice v. Gilbert,* 173 Ill. 348; *Magerstadt v. Schaefer,* 213 Ill. 351. So far as this record discloses, the transfer was made in perfect good faith, and certainly in good faith as to appellant, as appellant's debt was not contracted for about one year after the son had made the assignment to his father, and, as we view it, the son in fact had no interest in the stock except that he, up to the time of the assignment, expected it to have been given

to him at some future time, but it never was given to him and we see no reason for the impeachment of this transaction for want of good faith.

It is next insisted that the court erred in refusing to admit evidence offered by the appellant. The appellant offered to prove that in October, 1915, which was two years after the assignment to appellee, that Anton S. Fink stated to one Frank B. Sanders that he was the owner of the six shares of stock involved in this suit. Also that Anton S. Fink represented to appellant at the time of incurring the indebtedness of Anton S. Fink to appellant, that he, Anton S. Fink, was the owner of the stock in question. This was objected to and objection sustained, and we think the ruling of the court was correct in the sustaining of this objection. Appellant did not offer to show that at that time Anton S. Fink had possession of the stock; these were simply declarations of a third party and not in any manner connected up with the possession of the shares of capital stock in question, and would, in our judgment, have violated a very plain principle of law to have admitted the declarations in evidence.

It is next said that the court erred in directing a verdict. That depends entirely upon the question as to whether or not there was any evidence tending to support appellant's theory of the case. It is said by counsel for appellant that the fact that the stock appeared upon the books of the corporation in the name of Anton S. Fink made a prima facie case and tended to prove that he was the owner of it. If this were the only statement in evidence upon this question, then there might be some reason for the contention, but the court in passing upon this motion was in duty bound to consider what the whole of the evidence tended to prove, and when the fact that the stock was in the name of Anton S. Fink upon the books of the corpora-

tion was taken into consideration, in connection with the explanation that the stock belonged to the father, that he had paid the assessments upon it, that it had never been delivered to the son, and that the son in fact never had any interest in the stock, it seems to us that under the rule as laid down in the case of *Rice v. Gilbert, supra,* and other cases referred to herein, that it clearly appeared that the stock belonged to the father, and that the evidence when considered together did not tend in any manner to prove that the son was the owner of the stock.

We are of the opinion that the holding of the court was proper in this regard, and that the evidence clearly shows that the appellee is the owner of the stock in question and entitled to retain it, and the judgment of the lower court is affirmed.

*Judgment affirmed.*