Petition of CHATTANOOGA SAVINGS BANK.

In re HITT LUMBER & BOX CO.

(Circuit Court of Appeals, Sixth Circuit. November 5, 1919.)

No. 3310.

CHATTEL MORTGAGES ☞8—PLEDGE OR MORTGAGE.

Where auto trucks were delivered by the debtor into possession of an agent of the creditor as security for a loan, the giving in addition of a bill of sale of the trucks to the agent *held* not to convert the transaction from a pledge into a mortgage, requiring registration under the law of Tennessee.

Petition to Revise an Order of the District Court of the United States for the Southern Division of the Eastern District of Tennessee.

In the matter of the Hitt Lumber & Box Company, bankrupt. On petition of the Chattanooga Savings Bank to revise an order of District Court. Reversed.

Robert H. Williams, of Chattanooga, Tenn., for petitioner.

James M. Trimble, D. L. Grayson, and Frank Spurlock, all of Chattanooga, Tenn., for respondent.

Before KNAPPEN and DENISON, Circuit Judges, and McCALL, District Judge.

KNAPPEN, Circuit Judge. Before bankruptcy proceedings were commenced the bank loaned the bankrupt a sum of money, to be se-

cured by certain automobile trucks. Thereupon the bankrupt delivered the trucks to one Lewis for the benefit of the bank, together with a bill of sale of the trucks to Lewis, with covenant of warranty for the like benefit. The security was thus that of the bank. Wharton v. Lavender, 14 Lea (Tenn.) 178, 188. The bill of sale was not registered. The possession of the trucks was maintained by Lewis until after bankruptcy intervened.[1] If the transaction constituted a pledge of the trucks it was valid as against creditors of the bankrupt; for a pledge requires no registration, even though in writing. Crisp v. Miller, 5 Heisk. (Tenn.) 697, 700; Biles v. Elliotte, 215 Fed. 340, 344, 131 C. C. A. 482 (C. C. A. 6). The District Judge held that notwithstanding the delivery of possession the transaction amounted to a mortgage or deed of trust, void for lack of registration under section 3664 of Shannon's Tennessee Code (1917). The trustee in bankruptcy had already paid the bank the amount of its loan, and the latter was ordered to pay it back. The correctness of this action is the only question presented. The reasoning of the court's conclusion is that a pledge differs from a mortgage in that under the former the legal title remains in the pledgor, while under the latter it passes to the mortgagee, and thus that, while the delivery of the trucks would have made a valid pledge in the absence of bill of sale, yet the delivery of the latter, although in connection with the possession of the trucks, as a matter of law under the Tennessee rule converted the transaction into a mortgage.

This result impresses us as wrong, unless compelled by the law of Tennessee, which, of course, would control. It need not be said that the intention of the parties, as evidenced by the entire transaction, must determine its character. See Biles v. Elliotte, supra, 215 Fed. at page 344, 131 C. C. A. 482. The more natural inference from the transaction, without further explanation and in the absence of fixed rule of law to the contrary, would be that the parties intended a pledge, and not a mere mortgage, and that the former was thus its dominant character. The bill of sale was presumably given simultaneously with the delivery of possession of the trucks. Although it would have been competent to show by parol that the transaction was intended as a mortgage (and, if so, it would be within the registration laws), it does not appear that a mortgage rather than a pledge was intended, unless in the mere fact that an absolute bill of sale accompanied the delivery of possession of the trucks. On principle there is no greater difficulty in attributing the dominant character of pledge to a bill of sale, with simultaneous delivery of possession to secure a debt, than in treating a bill of sale absolute in form as a mortgage. There is well-considered authority that the taking of bill of sale absolute in terms, but intended as collateral security, amounts only to a pledge. Walker v. Staples, 5 Allen (Mass.) 34; Thompson v. Dolliver, 132 Mass. 103,

---

[1] The District Judge states in his opinion that Lewis "subsequently allowed the bankrupt to use the automobile trucks in daytime without charge, but required them to be returned to his possession every night." As both court and counsel treat Lewis' possession as complete, we shall do the same. And see Biles v. Elliotte, 215 Fed. 340, 344, 131 C. C. A. 482 (C. C. A. 6); Hickok v. Cowperthwait, 210 N. Y. 137, 142, 143, 103 N. E. 1111, Ann. Cas. 1915B, 1002.

104; Ex parte Fitz, 2 Lowell, 519, Fed. Cas. No. 4, 837, where the Massachusetts rule is stated as in the foregoing citations. This rule has also been applied to absolute transfers of incorporeal property incapable of manual delivery, such as corporate stock, warehouse receipts, etc. Wilson v. Little, 2 N. Y. 443, 51 Am. Dec. 307; White River Bank v. Capital Bank, 77 Vt. 123, 59 Atl. 197, 107 Am. St. Rep. 754; Rice v. Gilbert, 173 Ill. 348, 50 N. E. 1087; Conrad v. Fisher, 37 Mo. App. 352, 358, 8 L. R. A. 147. In the latter case a bill of sale accompanied the warehouse receipts. We see no controlling reason for a distinction in this respect between corporeal and incorporeal property. Indeed, in Wilson v. Little, supra, 2 N. Y. at page 447, 51 Am. Dec. 307, it was said:

"In such case [transfer of corporate stock], the transfer of the legal title being necessary to the change of possession, it is entirely consistent with a pledge of the goods. Indeed, it is in no case inconsistent with it, if it appears by the terms of the contract that the debtor has a legal right to the restoration of the pledge on payment of the debt at any time, although after it falls due, and before the creditor has exercised the power of sale."

In the instant case the bill of sale and delivery of possession was made only to secure the borrowed money. The test is, not what the effect of the bill of sale standing alone would be, but the character of the transaction as a whole. To our minds, the infirmity of the decision below lies in assuming that the making of a bill of sale conclusively proves an intent to pass the title; whereas it is, in our opinion, merely evidence in that direction, to be considered with other evidence in determining the actual intent. The inference of pledge rather than mortgage receives support from the presumption that the parties intended a valid and effective security, the actual omission of a defeasance clause, the delivery of possession of the trucks, the failure to register, and the fact that the instrument, if intended as a mortgage, would normally have been acknowledged or proved by subscribing witnesses, as necessary to registration (Shannon's Code, sec. 3712); and the record does not contain such acknowledgement or proof. If a pledge, although for the bank's benefit, it was not a conveyance within the recording statute. Wharton v. Lavender, supra.

No substantial advantage could be gained by the bank in taking a mortgage rather than a pledge. Its rights, remedies, and obligations would be substantially the same, whichever form was taken. In legal effect the principal difference would be that in the one case the debtor would retain the legal, in the other the equitable, title; the creditor receiving in the one case a special, in the other the general, property. So far as the merits are concerned the distinction is technical and artificial. Under such circumstances, doubts of the intent of the transaction would naturally and equitably be solved in favor of a pledge rather than a mortgage. Under modern registration laws generally actual possession by the security holder, even by mortgage, usually dispenses with the necessity of recording. While the Tennessee statute does not in terms declare that registration of a mortgage is unnecessary where accompanied by actual delivery of possession of the mortgaged property, yet the only object of registration is to give construc-

tive notice, and delivery and possession gives effective notice. In Bank v. Haselton, 15 Lea (Tenn.) 216, 249, it was said that "possession by the pledgee * * * is a substitute for registration," and, unless the Tennessee law requires it, a denial of the bank's lien as a pledge would subordinate substance to form.

In our opinion the Tennessee law does not so require. The learned District Judge rightly stated the essential difference between a pledge and a mortgage under the law of Tennessee. Barfield v. Cole, 4 Sneed (Tenn.), 465, 467; Johnson v. Smith, 11 Humph. (Tenn.) 396, 400; Smith v. Atkinson, 4 Heisk. (Tenn.) 625, 628; Hurst v. Jones, 10 Lea (Tenn.) 8, 14; McCready v. Haslock, 3 Tenn. Ch. 13, 16; Trust Co. v. Bank, 123 Tenn. 617, 626, 134 S. W. 311. But the Tennessee decisions have not, in our opinion, established a settled rule that, under circumstances such as exist here, the delivery of a bill of sale, in connection with that of possession, as mere matter of law necessarily converts an otherwise valid pledge into a mortgage subject to the recording laws.

Barfield v. Cole, supra, cited by the District Judge, does not in our opinion support the decision below. It does not appear by the reported decision of that case that the subject of the alleged pledge was ever in fact delivered to the pledgee. The bill of sale merely announces such delivery. The decision relates only to the legal effect of the instrument of conveyance. An intention and agreement of the parties that possession would be given under it cannot take the place of actual delivery and possession. Indeed, the question whether the transaction amounted to a pledge, rather than an invalid mortgage, was not raised by any issues in the case. So far as concerned the plaintiff (a creditor suing an attaching creditor), it was immaterial which character was given.

In Johnson v. Smith, supra, the only proposition of present interest decided is that the assignment by the pledgee of the debt secured by the pledge, unaccompanied by delivery of the subject of the pledge, either actual or constructive, will not carry with it and vest in the assignee the lien upon the property created by the original pledge.

In Smith v. Atkinson, supra, the point decided was that a sale of goods with delivery of possession, and without reservation of title to the seller, with an understanding that a third person (who was to receive part of the purchase money) should have joint possession with the actual vendee until paid, but without any title conveyed to or actual possession of goods given to such third person, or control reserved to him, was invalid against creditors as a pledge or lien to secure the debt due such third person.

In McCready v. Haslock, supra, where the transaction in question was held to be a pledge and not a mortgage requiring registration, it was said that if the instruments under which the relation was created were mortgages or trust conveyances they would be void for lack of registration; but that is as far as the holding went in any respect material here.

In Hurst v. Jones, supra, a firm turned over to a creditor a stock of goods which the latter was to sell to pay his debt, and to pay the bal-

ance, if any, to other creditors. There was also a bill of sale, but the transferee denied that he had accepted it as the contract or received the goods thereunder. Although both parties called it a sale, it was held not such because no price was fixed, and not a mortgage for lack of conveyance of the title in writing, but that it "more nearly resembles a pledge, in that it transferred the possession of the goods to secure the debt of [the transferee], and authorized him to sell them to pay the debt." The lien was sustained.

Trust Co. v. Bank, supra, is not particularly in point as to the ultimate question here.

No Tennessee decision has been cited (and we have found none) holding that a transaction intended as a pledge would be rendered void by the mere fact that the pledgor accompanied the delivery of the thing pledged by a bill of sale; and the leading Tennessee decisions impress us as leaning towards sustaining a pledge, when equitable to do so, rather than defeating it. See, for example, Hurst v. Jones, supra, at page 15. We think the Tennessee decisions, taken as a whole, tend to support rather than to reject the rule that the dominant character of the transaction will be determined from a consideration of all the pertinent facts.

It results from these views that the order of the District Court should be reversed.